IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EVESTER MCDANIEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 1:11CV1054-MHT |
| | ) | |
| ROMEL CODY ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this action, the *pro se* Plaintiff, Evester McDaniel, alleges that a judge, attorneys, parties, and a surveyor conspired to cause him to lose *Romel Cody v. Evester McDaniel*, a Houston County, Alabama, Circuit Court case concerning a real estate dispute ("the state court action"), Case No. 2009 0063.00. Now pending before the court are the motion for summary judgment filed by Defendant Brad Mendheim (Doc. 17), the motion to dismiss filed by Defendants J. Michael Conaway and R. Cliff Mendheim (Doc. 24), the motion to dismiss filed by Defendant Romel Cody (Doc. 27), the motion to dismiss filed by Defendant Clint Shelly (Doc. 28), and the motion to dismiss for lack of jurisdiction filed by the Defendant Daniel Johnson (Doc. 34). Also pending before the court is the motion for default judgment filed by McDaniel. (Doc. 39).

**Standard of Review**

**A.   Subject Matter Jurisdiction**

Because federal courts are courts of limited jurisdiction, it is a basic premise of

federal court practice that the court must have jurisdiction over the subject matter of the action before it can act. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994). Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States. *Kokkonen*, 511 U.S. at 377.

This court operates under an independent obligation to examine its own jurisdiction at each stage of the proceedings, even if no party raises the jurisdictional issues and both parties are prepared to concede it. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990); *see* 13C Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3522 (3d ed.) ("Even if the parties remain silent, a federal court, whether trial or appellate, is obliged to notice on its own motion its lack of subject matter jurisdiction."). Further, Fed R. Civ. P. 12(h)(3) requires that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

**B.   Motions to Dismiss**

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept well-pled facts as true, but the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's

2

inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; see also *Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. See *Iqbal*, 556 U.S, at 679 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and emphasis omitted).

More recently, in *Iqbal*, *the* Supreme Court reiterated that although Fed. R. Civ. P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 550 U.S. 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted

unlawfully is insufficient to survive a motion to dismiss. *Id*. at 679. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

**C.     Motion for Default Judgment**

Before a default or default judgment can be entered, the court must have jurisdiction over the subject matter of the action. *See* Charles Alan Wright, Arthur R. Miller, *et al*., 10A Fed. Prac. & Proc. Civ. § 2682 (3d ed. Westlaw 2012).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The entry of default causes all well-pleaded allegations of facts to be deemed admitted. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir.1987). Thus, in ruling on a motion for default judgment, the Court must consider whether those facts state a claim upon which relief may be granted. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)[1] ("There must be a sufficient basis in the pleadings for the judgment entered."). If the court determines that a default judgment can be granted, then the court must determine the amount of damages to be awarded. *See Chudasma v. Mazda Motor Corp.*, 123 F.3d 1353,1364 n. 27 (11th Cir.1997). If necessary, the court may order a hearing to determine the amount of damages. Fed. R. Civ.

---

[1]*See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

P. 55(b)(2).

## Procedural History

**A.     The State Court Action**

On December 30, 2009, Romel Cody filed an action ("the state court action") in the Circuit Court of Houston County, Alabama, against Evester McDaniel to quiet title in certain property ("the property") in Cottonwood, Alabama. (Doc. 1-1). In essence, the state court action was a dispute between McDaniel, who purchased a tax deed to the property in 2009, and Cody, who claimed to be rightful owner of the property and who sought to redeem the property. (Doc. 1; Doc. 1-1). *See* Ala. Code 1975, § 40-10-70 to -83 (governing the rights and remedies of purchasers at tax sales); Ala. Code 1975, § 40-10-120 to -143 (governing the procedures for redemption of land sold for taxes). The record in this case contains a copy of Cody's initial complaint in the state court action. (Doc. 1-1 pp. 3-6).

On June 11, 2010, Houston County Circuit Judge Brad Mendheim entered an order finding that Cody had a statutory right of redemption and dismissing counter-claims raised by McDaniel. (Doc. 1-1 p. 29). On June 30, 2010, acting *pro se*, McDaniel filed a notice of appeal from Judge Mendheim's June 11, 2010 order.[2] *See Cody v. McDaniel*, Case No. 2009 0063.00, Notice of Appeal and Docketing Statement filed June 30, 2010. On December 3, 2010, the Alabama Court of Civil Appeals affirmed the judgment of the Houson Circuit

---

[2]The court takes judicial notice of the documents filed in *Cody v. McDaniel*, Houston County Circuit Court Case No. 2009 0063.00. *See Universal Express, Inc. v. U.S. SEC*, 177 Fed. App'x 52, 53 (11th Cir. 2006) (stating that a court may take judicial notice of public records (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277–78, 1280 (11th Cir. 1999)).

5

Court.  *See Cody v. McDaniel*, Case No. 2009 0063.00, Certificate of Judgment.  On January 28, 2011, McDaniel filed a petition for writ of certiorari to the Alabama Supreme Court, which was denied on April 8, 2011.  *See id.*  On April 8, 2011, the Alabama Court of Civil Appeals issued a certificate of judgment.  *See id.*

On February 4, 2011, Judge Mendheim entered a final order in the state court action finding that Romel Cody had paid into court $1163.21 to redeem the property and ordering and adjudging that the property belonged to Cody as its "rightful and legal owner, and that the entire and undivided fee simple title and interest in and to said Property and the house thereon is hereby divested out of Evester McDaniel and in and to Romel Cody."  (Doc. 17-2 pp. 1-2).  In the final order, Judge Mendheim also set aside McDaniel's deed to the property and ordered the Clerk to pay $1249.63 to McDaniel "to reimburse him the monies paid by him . . . for taxes and insurance for the said real property."  (Doc. 17-2 pp. 1-2).

In addition to the state court lawsuit and this lawsuit, McDaniel filed ethics charges against Judge Brad Mendheim.  (Docs. 17-3, 17-4).  The Alabama Judicial Inquiry Commission dismissed the ethics charges on September 8, 2010.  (Doc. 17-4).

**B.     McDaniel's Federal District Court Complaint**

On December 12, 2011, McDaniel filed a complaint in this court against the following individuals (collectively, "the Defendants"): Romel Cody; Judge Brad Mendheim; R. Cliff Mendheim, who was McDaniel's attorney in the state court action; Daniel Johnson, who was Romel Cody's attorney in the state court action; J. Michael Conaway, who prepared a deed

or deeds as an attorney in private practice;[3] and Clint Shelly, a surveyor who testified as a witness in the state court action. (Doc. 1 ¶¶ 3-9, 19; Doc. 38-1 ¶ 1; Doc. p. 44-45).

In his complaint in this case, McDaniel alleges that the Defendants all conspired together in the state court action to cheat him out of the property through fabricated evidence, false testimony, improper influence, and allegedly incorrect, illegal, "narrow-minded" judicial rulings tainted by partiality and an allegedly willful failure by Judge Brad Mendheim to rule according to the law and facts presented by McDaniel. (Doc. 1). McDaniel asserts the following causes of action in his complaint:

- Count I, in which McDaniel alleges that a "fixed" trial in the state court action violated his constitutional due process rights pursuant to 42 U.S.C. §§ 1983 & 1985; McDaniel alleges that Judge Brad Mendheim entered a temporary restraining order against him without advance notice and ultimately ruled in favor of Cody in the state court action (Doc. 1 ¶¶ 22-24; Doc. 1-1 p. 2);

- Count II, in which McDaniel alleges that the Defendants "failed to prevent a conspiracy" by failing to prevent the introduction of allegedly false evidence in the state court action (Doc. 1 ¶ 25);

- Count III, in which McDaniel alleges that Cody trespassed on the property, falsely accused McDaniel in the state court action of trespassing on the property, and failed to properly describe the property in documents submitted to the state court (Doc. 1 ¶ 26);

- Count IV, in which McDaniel alleges that the Defendants submitted false and/or forged documents to the state court (Doc. 1 ¶ 27);

- Count V, in which McDaniel alleges that Judge Brad Mendheim

---

[3]McDaniel alleges that, on April 2010, after the initiation of the state court action, Conaway became an Alabama Circuit Court judge. (Doc. 3 ¶ 8). In this case, McDaniel is suing Conaway for acts he allegedly committed in drafting certain deeds before he became a judge. *Id*.

>    violated judicial ethics and McDaniel's constitutional rights by allegedly presiding over a biased and unfair trial and by relying on allegedly forged deeds and other allegedly false evidence in rendering his judgment in the state court case (Doc. 1 ¶ 28-29);

- Count VI, in which McDaniel alleges that Romel Cody lacked standing in the state court action to redeem the property and that Judge Brad Mendheim "illegally" allowed him to redeem the property anyway by entering a judgment in his favor (Doc. 1 ¶ 30).

McDaniel alleges that, as a result of the actions of the Defendants, he suffered the following "injury:"

> As a result deprived this plaintiff of his property a 5th amendment violation. 1975 Ala. Code title 40-10-83, entitles the previous owner who failed to pay his taxes the opportunity to redeem the property sold, by paying to the purchaser the amounts paid for the property, that is the code the defendant Cody filed his complaint under, but, he is not the previous owner to the same property purchased by this plaintiff, the judge refused to accept the truth in this case, but he entered an order or judgment allowing the defendant Cody to redeem, the property in the tax description as the property previously owned by defendant Cody caused their fraudulently behavior Fuentes v. shevin, 407 U.S. 67, 92 S Ct. 1983, 32 L. Ed 556 (1972); Mitchell v. W.T. Grant Co. 416 U.s. 600, 94 5. Ct. 1895, 40 L. Ed 406 (1974).

(Doc. 1 ¶ 31) (sic).

As stated by McDaniel, he seeks the following relief:

1. Damages $100,000.00
2. Reasonable legal expenses, $2,000
3. Return of my real property immediately, pain and suffering damages; travel expenses, construction expenses, any and all relief the court deems appropriate. $25,000.
4. Force the clerks to check who owns real property before the deeds are filed.

(Doc. 1p. 9).

## Discussion

**A.     This Court Does Not Have Subject Matter Jurisdiction to Review the State Court Judgment**

In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) ("*Rooker-Feldman*"), the Supreme Court held that it alone sits as the only federal court with jurisdiction to review a state court's judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). Thus, after state court proceedings have ended, a federal district court has no jurisdiction over a federal case brought by the loser of the state court action who complains of an injury caused by the state-court judgment and seeks review and rejection of that judgment. *Id*.; *see also Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) ("The *Rooker-Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court.").

McDaniel was the losing party in the state court action, which reached a final resolution prior to his filing this action. McDaniel argues that his claims in this case do not fall within *Rooker-Feldman's* jurisdictional limitations because the state court orders are "separable from and collateral to the federal complaint, and the federal court is not being asked to sit in appellate review of [the] state court ruling." (quoting *Weis Builders, Inc. v. Kay S. Brown Living Trust*, 94 Fed. Appx. 687 (10th Cir. 2004)). However, in every way, McDaniel's complaint proves otherwise. Every count in McDaniel's complaint demands that

9

this court reconsider the evidence, law, and alleged procedural defects in the state court action, and then enter a judgment finding that Judge Mendheim was wrong, the final judgment he entered in favor of Cody was wrong, and the Alabama appellate courts were wrong. (Doc. 1). In addition to money damages, McDaniel wants this court to award equitable relief by returing the property to him after finding that Judge Mendheim incorrectly awarded it to Cody. (Doc. 1 p. 9).

In other words, McDaniel's claims all call for this court to nullify and overturn the state court's judgment on grounds that it is procedurally flawed and legally incorrect, and then award damages to remedy alleged injuries caused him by the state court judgment. This case could not fall more squarely within "the boundaries of the *Rooker-Feldman* doctrine: 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1274 (11th Cir. 2009) (quoting *Exxon*, 544 U.S. at 284); *see also Casale*, 558 F.3d at 1260 (holding that *Rooker-Feldman* precludes lower federal court jurisdiction over claims that were raised in state court and over claims that are so inextricably intertwined with the state court judgment that the claims "would 'effectively nullify' the state court judgment, or [the claims would] "succeed[] only to the extent that the state court wrongly decided the issues.'"). Accordingly, the Defendants' motions to dismiss are due to be granted, and this case dismissed for lack of jurisdiction.

**B.     §1983 Claims for Money Damages**

The Eleventh Circuit has suggested that *Rooker-Feldman* does not bar § 1983 suits for money damages. *Sibley v. Lando*, 437 F.3d 1067, 1070 n.3 (11th Cir. 2005) ("We note that this form of appellate review is unusual. [The plaintiff] does not ask us to fix an erroneous state court judgment, which we could not do, but rather to award $10 million against each state court judge who participated in his cases. This alignment of parties distinguishes this case from a case where review under the *Rooker- Feldman* doctrine would be appropriate."); *see also, e.g., Drees v. Ferguson*, 396 Fed. Appx. 656, 658 (11th Cir. 2010) (holding that "the *Rooker–Feldman* doctrine does not apply when a party seeks money damages for the state court's alleged constitutional deprivations" (citing *Sibley*)). *But see Sibley*, 437 F.3d at 1070-71 ("We reject, from the outset, the use of § 1983 as a device for collateral review of state court judgments." (citing *Exxon* 544 U.S. 280)).

Therefore, to the extent that *Sibley* may exempt McDaniel's § 1983 claims for money damages from *Rooker-Feldman's* jurisdictional limitations, the court finds that judicial immunity shields Judge Mendheim from liability for those claims. *Sibley*, 437 F.3d at 1070 ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction. This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." (citations and internal quotation marks omitted)); *cf. Drees*, 396 F. 3d at 658 ("Even if Defendant's acts—including allegedly basing his

11

decision on false evidence and suborning perjury—were erroneous or malicious, as Plaintiff contends, it does not change that the acts were undertaken in a judicial capacity.").

Further, to establish a claim under 42 U.S.C. 1983, a plaintiff must establish that he was "deprived of a right secured by the constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." A*merican Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 at 49-50 (1999). "To satisfy section 1983's 'under color of [state law]' requirement, a plaintiff must demonstrate that the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State." *Gene Thompson Lumber Co. v. Davis Parmer Lumber Co.*, 984 F.2d 401, 403 (11th Cir. 1993) (alterations in original) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Other than Judge Mendheim, all of the Defendants were private individuals allegedly acting as such for the benefit of Romel Cody, a private citizen. *See* Doc. 1 ¶ 4 (McDaniel's complaint describing Romel Cody as "a citizen of Cottonwood, Alabama, address is [REDACTED], Cottonwood, Alabama, and he is employed as a factory worker for Perdue Chicken"). McDaniel's bare assertions to the contrary, no alleged act by any of them could conceivably be "fairly attributable to the State." McDaniel's allegations of a conspiracy between Judge Mendheim and the other Defendants do not alter this conclusion. A person who obtains a state court order or judgment is not engaged in state action within the meaning of § 1983 merely by using the state court legal process. *Cobb v. Ga. Power Co.*, 757 F.2d 1248, 1251 (11th Cir. 1985).

Accordingly, to the extent that the court has jurisdiction to review McDaniel's money damage claims, the court finds that McDaniel's complaint fails to state a claim upon which relief could be granted against any of the Defendants.

## C.   Motion for Default Judgment

After Defendants Daniel Johnson and Clint Shelly appeared in this case and filed motions to dismiss, McDaniel filed a motion for default judgment on grounds that Johnson and Shelly had not filed answers within thirty days of being served. McDaniel's motion is moot because the Clerk has declined to enter default against these defendants on grounds that they have appeared. *See* Docket Sheet, Clerk's February 14, 2012 notation; Fed R. Civ. P. 55. In addition, McDaniel's motion is without merit because the court lacks jurisdiction over the complaint, because the complaint fails to state a claim upon which relief can be granted, and because default judgment is reserved for cases "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend*." Fed. R. Civ. P. 55(a) (emphasis added); *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("There must be a sufficient basis in the pleadings for the [default] judgment entered."); Charles Alan Wright, Arthur R. Miller, *et al*., 10A Fed. Prac. & Proc. Civ. § 2682 (3d ed. Westlaw 2012) (noting that default judgment is not appropriate where subject matter jurisdiction is lacking).

For these reasons, McDaniel's motion for default judgment is due to be denied.

## Conclusion

Accordingly, it is the Recommendation of the Magistrate Judge that

1. the motion for summary judgment filed by Defendant Brad Mendheim (Doc. 17) be **granted**;

2. the motion to dismiss filed by Defendants J. Michael Conaway and R. Cliff Mendheim (Doc. 24) be **granted**;

3. the motion to dismiss filed by Defendant Romel Cody (Doc. 27) be **granted**;

4. the motion to dismiss filed by Defendant Clint Shelly (Doc. 28) be **granted**; and

5. the motion to dismiss filed by the Defendant Daniel Johnson (Doc. 34) be **granted**.

Further, it is the Recommendation of the Magistrate Judge that the motion for entry of default and for default judgment (Doc. 39) filed by McDaniel be **denied**.

Further, it is the Recommendation of the Magistrate Judge that this case be **DISMISSED.**

**ORDERED** that the parties shall file any objections to this Recommendation on or before **September 21, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of September, 2012.

                /s/Charles S. Coody
                CHARLES S. COODY
                UNITED STATES MAGISTRATE JUDGE